**Maria L. JAOUDE, Plaintiff–Appellant,**

v.

**Matthew E. HANNAH, Time Warner Cable, Rita J. Biondi, Defendants–Appellees.**

**No. 14–1611.**

United States Court of Appeals, Second Circuit.

Dec. 22, 2014.

Maria L. Jaoude, Buffalo, N.Y., pro se.

A. Vincent Buzard, Harris Beach PLLC, Pittsford, N.Y., for Appellees Matthew E. Hannah and Time Warner Cable.

Michael T. Hagelin, Hagelin Kent, LLC, Buffalo, N.Y., for Appellee Rita J. Biondi.

PRESENT: RALPH K. WINTER, DENNIS JACOBS, BARRINGTON D. PARKER and Circuit Judges.

**SUMMARY ORDER**

Appellant Maria L. Jaoude, *pro se*, appeals from the order of the United States District Court for the Western District of New York (Telesca, *J.*), dismissing the case for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review de novo a district court's dismissal of an action for lack of subject matter jurisdiction, including dismissals under the *Rooker–Feldman* doctrine. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir.2005). Under the *Rooker–Feldman* doctrine, federal courts lack subject matter jurisdiction to review "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); *see also Hoblock*, 422 F.3d at 85.

The district court properly dismissed the case for lack of subject matter jurisdiction both under the *Rooker–Feldman* doctrine and under 28 U.S.C. § 1332(a). Accordingly, we affirm for the reasons stated by the district court.

For the foregoing reasons, and finding no merit in Jaoude's other arguments, we hereby **AFFIRM** the judgment of the district court.